**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **MILA KRUPNICK,** | |
| Plaintiff, | Case No. 2:12-cv-00273-ALM-MRA |
| v. | Judge: Algenon L. Marbley |
| | Magistrate Judge Abel |
| **ARCADIS OF U.S., INC.**, | |
| Defendant. | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Mila Krupnick ("Plaintiff") has sought from Defendant Arcadis U.S., Inc. ("Arcadis" or "Defendant")[1] certain personnel information ("Personnel Information") about individuals, other than herself, who are or have been employed by Defendant, which Defendant considers to be confidential;

WHEREAS, Plaintiff has sought from Arcadis certain proprietary business information ("Business Information"), which Arcadis considers to be confidential;

WHEREAS, this confidential Personnel Information and proprietary Business Information should be given the protection of an Order to prevent it from being disseminated or used outside this litigation;

WHEREAS, the Parties have stipulated and agreed, through their respective undersigned counsel, to the following terms regarding the disclosure of information in this litigation that is confidential; and

---

[1] Arcadis is improperly named "Arcadis of U.S., Inc." in the case caption.

For good cause shown;

**IT IS on this 16th day of August, 2012 HEREBY ORDERED**:

1.  <u>Scope</u>. This Protective Order ("Protective Order") specifically governs the production, use, and handling of Personnel Information for individuals other than Plaintiff, and proprietary Business Information, produced, exchanged by, to, or with any person involved in this lawsuit. "Personnel Information," as it is used herein, means (a) all documents containing personal identifiers of current and/or former employees of Arcadis (for purposes of this Order "personal identifiers" means: social security numbers, dates of birth, addresses, telephone numbers, electronic mail addresses, financial account information, and names and identities of family members.); (b) all documents contained in any current and/or former employee's employment records that includes personal contact and compensation information; (c) all documents related to performance, including but not limited to performance evaluations; (d) any parts or portions thereof; and (e) anything prepared for, derived from, or incorporating the foregoing. "Business Information," as it is used herein, means (a) any documents related to Arcadis's organizational structure; (b) any documents related to any complaints made by any employee regarding unlawful treatment and any documents related to any investigation into such complaints; (c) any information identifying or regarding Arcadis's customers and/or work performed for Arcadis's customers; (d) other information containing trade secrets or other confidential research, development, or proprietary commercial information not generally available to the public; and (e) anything prepared for or derived from or incorporating the foregoing.

2.  <u>Procedure for Designating Personnel Information and Business Information as "Confidential Information."</u> Document(s) that a producing party in good-faith believes contain(s)

Personnel or Business Information shall be marked by the producing party with the legend "Confidential" or "Confidential Information."

      a.    *Deposition Transcripts*. If Personnel Information for anyone other than Plaintiff, or Business Information, is used as exhibits in a deposition or is the subject of deposition testimony, the Parties agree that the appropriate exhibit pages and/or transcript pages and all copies thereof shall be marked with the legend "Confidential" or "Confidential Information." Defendant has the responsibility of marking the pages with this designation.

      b.    *Filings*. If Personnel Information for anyone other than Plaintiff, or Business Information, is contained in material to be filed with the Court, the material may be filed only under seal only by order of the Court upon good cause shown.

3.    <u>Restrictions on Use and Disclosure of Protected Information</u>. Personnel and Business Information shall be used solely in connection with and only as necessary to the litigation of this matter and any related appellate proceeding, and not for any other purpose. The substance or content of Personnel and Business Information may only be disclosed to people listed in this paragraph pursuant to the terms and conditions of this Protective Order.

      a.    Personnel and Business Information may be disclosed to:

          i.    The Judges presiding over this lawsuit, their staff attorney(s) and other Court personnel, and any stenographic reports, to the extent necessarily incident to the litigation of this action;

          ii.    The attorneys who are signatories of this Protective Order, together with their respective partners, associates, clerks, legal assistants, secretaries and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of this lawsuit;

          iii.    Plaintiff and Defendant's representatives, employees, and/or agents, to the extent necessarily incident to the litigation of this action; and/or

          iv.    Copying services, experts, investigators and consulting

attorneys.

b. Personnel and Business Information may also be disclosed to, but copies of such documents shall not be given to, prospective witnesses who may have relevant information regarding the information. Counsel shall inform such persons of this Protective Order and its contents.

4. <u>Use of Personnel Information at Deposition, Hearing, or Arbitration.</u> Whenever Personnel and Business Information is to be referred to or disclosed in a deposition, Defendant may exclude from the room any person who is not entitled to receive such Personnel or Business Information, pursuant to this Protective Order. This agreement does not affect the use of any documents or information at trial. Nor does it affect the use of any documents or information at depositions, subject to the restrictions in paragraph 3 and the provisions in this paragraph 4.

5. <u>Custody of Personnel and Business Information</u>. Personnel and Business Information and any copies or extracts thereof shall be retained in the custody of the attorneys of record during the pendency of this lawsuit except as reasonably necessary to provide access to persons authorized under the provisions of this Protective Order.

6. <u>Procedure on Termination of Action</u>. Within 30 days of the final termination of this lawsuit, whether by judgment, settlement, or conclusion of proceedings on appeal, Plaintiff and Plaintiff's attorney shall destroy any material containing Personnel and Business Information to Defendant, and shall send Defendant's attorney a letter confirming, under oath, that materials containing Personnel and Business Information were destroyed. Notwithstanding the foregoing, the attorneys of record may retain all correspondence, depositions, pleadings, briefs, memoranda, motions and other documents containing attorney-client privileged materials and/or attorney work product that refers to Personnel and Business Information, and will continue to be bound

by the terms of this Protective Order with respect to the retained information.

7. <u>Effective Date</u>. This Protective Order shall become effective immediately upon its entry by the Court in this Action.

8. <u>Civil Rule 26(c)</u>. The provisions of Civil Rule 26(c) apply to any motion brought by the party seeking to remove the confidential designation from any document.

APPROVED:

| | |
|---|---|
| Greg R. Mansell<br>Greg.Mansell@BeggsCaudill.com<br>BEGGS CAUDILL, LLC<br>7240 Muirfield Dr., Suite 120<br>Dublin, OH 43107<br>Telephone: (614)-610-4134<br><br>Attorney for Plaintiff | Natalie M. McLaughlin, Trial Attorney<br>(#0082203)<br>nmclaughlin@littler.com<br>LITTLER MENDELSON, P.C.<br>21 East State Street, 16th Floor<br>Columbus, OH 43215<br>Telephone: 614.463.4201<br>Facsimile: 614.221.3301<br><br>Stacey A. Campbell (admitted *pro hac vice*)<br>scampbell@littler.com<br>LITTLER MENDELSON<br>1900 16th Street, Suite 8000<br>Denver, CO 80202<br>Telephone: 303.629.6200<br>Facsimile: 303.629.0200<br><br>Attorneys for Defendant ARCADIS U.S., Inc. |

SO ORDERED:

s/Mark R. Abel
United States Magistrate Judge

Firmwide:113409640.3 066856.1005